UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALL-OPTIONS, INC.; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ATTORNEY GENERAL OF INDIANA, in his official capacity; *et al.*, <br><br> Defendants. | ) <br> ) CASE NO. 1:21-CV-1231 <br> ) <br> ) CIVIL ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs respectfully move the Court to enter a preliminary injunction enjoining Defendants from enforcing the following laws pending the entry of final judgment in this case: the "Abortion Reversal Disclosure Requirement," Pub. L. No. 218-2021, §§ 4(a)(1), 5(a)(1)(C), 2021 Ind. Acts ___ (to be codified at Ind. Code §§ 16-34-2-1(a)(1), 16-34-2-1.1(a)(1)(C)); the "Telehealth Bans," Pub. L. No. 85-2021, §§ 5, 8, 2021 Ind. Acts ___ (codified at Ind. Code §§ 16-34-1-11, 25-1-9.5-0.5); Pub. L. No. 218-2021, § 4(d), Ind. Acts ___ (to be codified at Ind. Code § 16-34-2-1(d)); and the "In-Person Dispensing and Consumption Requirement," Pub. L. No. 218-2021, § 4(a)(1), 2021 Ind. Acts ___ (to be codified at Ind. Code § 16-34-2-1(a)(1)).

Plaintiffs ask the Court to rule on this motion as to the Abortion Reversal Disclosure Requirement prior to the law's July 1, 2021, effective date. Plaintiffs ask the Court to defer ruling on the motion as to the Telehealth Bans and In-Person Dispensing and Consumption Requirement until such time as the Court issues a decision in *Whole Woman's Health Alliance v. Rokita*, 1:18-CV-1904-SEB-MJD, on the constitutionality of related statutes.

In support of this motion, Plaintiffs state the following:

1

1.      Plaintiffs filed a Complaint in this action seeking declaratory and injunctive relief from certain provisions of Public Law No. 85-2021, which was enacted on April 20, 2021, and took immediate effect; and Public Law No. 218-2021, which was enacted on April 29, 2021, and is scheduled to take effect on July 1, 2021.

2.      The provisions challenged by Plaintiffs include the Abortion Reversal Disclosure Requirement, which requires abortion providers to repeatedly tell their patients that "[s]ome evidence suggests" that the effects of mifepristone, a medication used to induce abortion, can be reversed—a bogus claim that may lead some patients to have a medication abortion based on the mistaken belief that its effects could later be undone.

3.      The provisions challenged by Plaintiffs also include the Telehealth Bans and In-Person Dispensing and Consumption Requirement.  The Telehealth Bans expressly prohibit abortion providers from using telehealth to provide medication abortion.  The In-Person Dispensing and Consumption Requirement requires mifepristone to be dispensed and consumed in the physical presence of the prescribing physician, a statutory mandate that serves as a *de facto* ban on using telehealth to provide medication abortion.

4.      Prior to the enactment of the Telehealth Bans and In-Person Dispensing and Consumption Requirement, the following Indiana statutes served to prohibit abortion providers from using telehealth to provide medication abortion: Ind. Code §§ 25-1-9.5-8(a)(4) (the "Telemedicine Ban"), 16-34-2-1(a)(1) (the "In-Person Examination Requirement").  The constitutionality of these statutes is being challenged in *Whole Woman's Health Alliance v. Rokita*, 1:18-CV-1904-SEB-MJD.  The trial in that case was bifurcated; the first phase of trial was completed on March 18, 2021, and the second phase of trial is scheduled to be completed on June

25, 2021. A decision on the constitutionality of the Telemedicine Ban and In-Person Examination Requirement is expected after completion of the second phase.

5. Plaintiffs are likely to succeed on the merits of their claims against the Abortion Reversal Disclosure Requirement, the Telehealth Bans, and the In-Person Dispensing and Consumption Requirement.

6. Absent a preliminary injunction, the Abortion Reversal Disclosure Requirement is likely to cause irreparable harm to Plaintiffs as well as their clients and patients seeking abortion care in Indiana.

7. Should the Court permanently enjoin enforcement of the Telemedicine Ban and In-Person Examination Requirement in *Whole Woman's Health Alliance v. Rokita*, 1:18-CV-1904-SEB-MJD, then absent a preliminary injunction, the Telehealth Bans and In-Person Dispensing and Consumption Requirement would be likely to cause irreparable harm to Plaintiffs as well as their clients and patients seeking abortion care in Indiana.

8. The balance of equities tips in Plaintiffs' favor.

9. A preliminary injunction would serve the public interest.

10. A preliminary injunction should issue without bond because its entry will not subject Defendants to any costs or damages.

11. Plaintiffs will submit a memorandum of law and documentary evidence in support of this motion in accordance with the briefing schedule set by the Court.

WHEREFORE, Plaintiffs request that the Court immediately enter a preliminary injunction, without bond, against enforcement of the Abortion Reversal Disclosure Requirement, Pub. L. No. 218-2021, §§ 4(a)(1), 5(a)(1)(C), 2021 Ind. Acts ___ (to be codified at Ind. Code §§ 16-34-2-1(a)(1), 16-34-2-1.1(a)(1)(C)). Plaintiffs further request that the Court enter a preliminary

injunction, without bond, against enforcement of the Telehealth Bans, Pub. L. No. 85-2021, §§ 5, 8, 2021 Ind. Acts ___ (codified at Ind. Code §§ 16-34-1-11, 25-1-9.5-0.5); Pub. L. No. 218-2021, § 4(d), Ind. Acts ___ (to be codified at Ind. Code § 16-34-2-1(d)), and In-Person Dispensing and Consumption Requirement, Pub. L. No. 218-2021, § 4(a)(1), 2021 Ind. Acts ___ (to be codified at Ind. Code § 16-34-2-1(a)(1)), upon entry of any order enjoining enforcement of the Telemedicine Ban and In-Person Examination Requirement challenged in *Whole Woman's Health Alliance v. Rokita*.

Dated: May 18, 2021

Respectfully submitted,

  /S/ *Stephanie Toti*

Stephanie Toti
Sneha Shah\*
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Tel.: 646-490-1083
stoti@lawyeringproject.org
sshah@lawyeringproject.org

Kathrine D. Jack
JACK LAW OFFICE LLC
One Courthouse Plaza
P.O. Box 813
Greenfield, IN 46140
Tel: 317-477-2300
kjack@jacklawoffice.com

*Attorneys for Plaintiffs All-Options, Inc.; Whole Woman's Health Alliance; Alison Case, M.D.; Women's Med Group Professional Corp.; and William Mudd Martin Haskell, M.D.*

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU OF INDIANA
1031 E. Washington St.
Indianapolis, IN 46202
Tel.: 317-635-4059
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org

*Attorneys for All Plaintiffs*

Christine Clarke\*
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 Williams St., 9th Fl.
New York, NY 10038
Tel: 646-689-2958
christine.clarke@ppfa.org

Hannah Swanson\*
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Ave. NW, Ste. 300
Washington, DC 20005
Tel: 202-973-4800
hannah.swanson@ppfa.org

Hannah Brass Greer\*
PLANNED PARENTHOOD GREAT NORTHWEST, HAWAI'I, ALASKA, INDIANA, KENTUCKY, INC.
2001 E. Madison St.
Seattle, WA 98122
Tel: 206-427-3208
hannah.brassgreer@ppgnhaik.org

Rebecca Chan\*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Fl.
New York, NY 10004
Tel.: 646-885-8338
rebeccac@aclu.org

*Attorneys for Plaintiff Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky, Inc.*

\*Motion for admission *pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 18, 2021, I filed a copy of the foregoing document with the Clerk of Court via the Court's electronic court filing (ECF) system and made arrangements for it to be personally served on each Defendant together with a copy of the Complaint and applicable Summons.

/S/ *Stephanie Toti*
Stephanie Toti
